# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, GARAGE EMPLOYEES LOCAL 272 LABOR MANAGEMENT PENSION FUND, | : : : : : | C.A. NO. |
| Plaintiff, | : : | |
| v. | : : | **VERIFIED COMPLAINT** |
| APPLE INC., TIM COOK, ART LEVINSON, JAMES BELL, AL GORE, ALEX GORSKY, ANDREA JUNG, MONICA LOZANO, RON SUGAR, SUE WAGNER, LUCA MAESTRI, KATE ADAMS, DEIRDRE O'BRIEN, AND JEFF WILLIAMS | : : : : : : : : : | |
| Defendants. | : : | |

Plaintiff, International Brotherhood of Teamsters, Garage Employees Local 272 Labor Management Pension Fund ("Local 272"), alleges, upon information and belief, based upon *inter alia*, the investigation made by and through its attorneys, except as to those allegations that pertain to the plaintiff itself, which are alleged upon knowledge, as follows:

## JURISDICTION

1.      The jurisdiction of this court is founded upon the application of questions of federal law pursuant to § 27 of the Securities Exchange Act of 1934, as amended (the "Exchange Act") 15 U.S.C. § 78aa, and 28 U.S.C. § 1331.

2.      The claims herein arise under *inter alia* § 14(a) of the Exchange Act, 15 U.S.C. § 78n(a) and Rule 14a-3, 17 C.F.R. § 240.14a-3, Rule 14a-9, 17 C.F.R. § 240.14a-9, Schedule 14A, 17 C.F.R. § 240.14a-101, and Regulation S-K, 17 C.F.R. § 229, of the United States Securities and Exchange Commission ("SEC"), and California law.

## PARTIES

3.      Plaintiff Local 272 is a stockholder of Defendant Apple Inc.  It is located in this district.  It has been a stockholder of Defendant Apple Inc. since May 2005 and continuously to date.

4.      Defendant Apple Inc. ("Apple" or "the Company") is a California corporation.  Its fiscal year ends on the last Saturday of September so that its last fiscal year ended September 24, 2022.  Its stock is traded on the Nasdaq Stock Market LLC under the symbol AAPL.

5.      Defendant Tim Cook is Apple's principal executive officer and chief executive officer (CEO) and a member of its board of directors.  The other

individual defendants are the other members of Apple's board of directors and named-executive officers ("NEOs").

## PRELIMINARY STATEMENT

6.      Federal law has required the disclosure of corporate executive compensation since 1933, and the SEC has applied these disclosure requirements to corporate proxy statements since 1938.  The SEC has amended these requirements from time to time since then.  The SEC promulgated the current regulations governing compensation disclosure in 2006 in the wake of the scandals concerning Enron, WorldCom, and Tyco.  These regulations, as codified in SEC Regulation S-K Item 402, 17 C.F.R. § 229.402 (Oct 11, 2022), require narrative and tabular disclosures of corporate executive compensation.

7.      The purpose of the compensation tables is to provide precise numerical disclosure of every element of compensation.  But the SEC recognizes that the formatted nature of such disclosures results in too many cases in disclosures that fail to inform stockholders adequately because of the complexity of the compensation and the development of forms of compensation that evade providing clear understanding.  Moreover, as writers have recognized, corporate management seeks to understate and minimize the compensation of senior officers. The purpose of the narrative disclosures is to explain the policies and decisions reflected in the tables.  The principal narrative in proxy statements is the

Compensation Disclosure and Analysis, the CD&A, 17 C.F.R § 229.402(b).

*Executive Compensation and Related Person Disclosure*, 2006 WL 2589711, \*5

(SEC, Sept. 8, 2006).

8.      It is 17 C.F.R. § 229.402(c) through (v) that governs the tabular

disclosures in proxy statements.  For stock-based compensation, which has now

become the predominant method of corporate executive compensation, it requires

disclosure of the number of shares and the value of the stock-based awards as

measured by the accounting mandated by the Financial Accounting Standards

Board ("FASB") in its Accounting Standards Codification ("ASC") Topic 718.  17

C.F.R. § 229.402(c)(2)(v) and (vi) and (d)(2), *inter alia*.  Although the tabular

disclosures report on the compensation of the CEO and other officers for the last

three completed fiscal years, Instruction 2 to the CD&A provides that the CD&A

"should also cover actions regarding executive compensation that were taken after

the … [company's] last fiscal year's end."  Instruction 2 also provides "in some

situations it may be necessary to discuss prior years in order to give context to the

disclosure provided."

9.      This complaint challenges Apple's false or misleading 2023 annual

meeting proxy statement and Apple's excessive compensation of its senior

executive officers.  For fiscal 2021,[1] it appears that Apple's compensation

---

[1] Apple's fiscal year ends on the last Saturday in September.

committee intended to award the NEOs $77.5 million in performance-based RSU awards. According to the Grants of Plan-based Awards table from the 2022 Proxy Statement, however, Apple awarded $92,685,830 in performance-based RSU awards to these executives in fiscal 2021. For fiscal 2022, it appears that again Apple intended to award these executives $77.5 million in performance-based RSU awards. According to the Grants of Plan-based Awards table from the 2023 Proxy Statement, however, Apple awarded $94,021,780 in performance-based RSU awards to these executives in fiscal 2022. For fiscal 2023, it appears that Apple intended to award $70 million in performance-based RSU awards to these executives, and again it appears to have awarded more RSUs than intended, but the amount of excess compensation will not be publicly stated until the 2024 Proxy Statement is disseminated to shareholders in January 2024.

10. The reason that Apple's Compensation Committee has awarded these NEOs more than it intended is that it appears to have improperly calculated the grant date fair values of the performance-based RSUs at the time of grant. The performance elements of the grants of performance-based share awards to the NEOs from fiscal 2021-2023 are based on Apple's Relative Total Shareholder Return ("TSR") percentile ranking. As the 2022 and 2023 Proxy Statements demonstrate, to accurately determine the grant date fair value of performance-based compensation that are based on TSR, one needs to employ a somewhat

complicated analytical derivative pricing model such as a Monte Carlo simulation. Here Apple did so for purposes of reporting the NEOs compensation in 2022 and 2023, but it failed to use such a model when awarding the performance-based RSUs.  As a result, Apple's NEOs have been improperly awarded excess compensation in the form of RSUs, as more fully discussed below.

## WRONGFUL ACTS AND OMISSIONS

11.     On January 12, 2023, Apple solicited, on behalf of its board of directors, its stockholders' proxies to vote, at their annual meeting on March 10, 2023, in favor of the election of the directors named therein, and in favor of the fiscal year 2022 compensation of Tim Cook and that of the other Named Executive Officers (NEOs), identified in 17 C.F.R. § 229.402(a)(3), on a non-binding advisory basis, under § 14A of the Exchange Act, 15 U.S.C. § 78n-1 (the say-on-pay vote).

12.     Section 14(a) of the Exchange act makes it unlawful for any person to solicit or to permit the use of his name to solicit any proxy in contravention of the SEC's rules and regulations.

13.     SEC Rule 14a-9 forbids the solicitation of a proxy by means of a proxy statement containing materially false or misleading misrepresentations or omissions.

14.     SEC Rule 14a-3(a) requires that public companies may not solicit stockholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A." It is a violation of § 14(a) of the Exchange Act to misrepresent or to omit information specifically required by the SEC's rules and regulations.

15.     Because the 2023 Proxy Statement solicits action to be taken at the meeting for the election of directors, SEC Schedule 14A (Item 8(a)) requires the 2023 Proxy Statement to furnish the information required by SEC Reg. S-K (Item 402) concerning Director and Executive Compensation.

**I.     Apple Intended to Award Its NEOs $225 million in Performance-Based RSUs from Fiscal 2021-2023**

16.     According to the 2023 Proxy Statement, for the NEOs other than Mr. Cook, their target equity compensation was $20 million per fiscal year divided equally between time-based RSUs and performance-based RSUs.

**Summary of Other Named Executive Officer Compensation**

The target compensation of our four other named executive officers similarly reflects the three basic components of our executive compensation program in a straightforward and effective way.

The Compensation Committee reviews our executive compensation program each year. Following our record 2021 financial results, and taking into account shareholder feedback which confirmed shareholders' continued support for the amount and structure of our other named executive officers' compensation, the Compensation Committee decided to maintain the same level of base salary, annual cash incentive opportunity, and equity award value for each of our named executive officers for 2022. The Compensation Committee determined that the target compensation of our named executive officers remains competitive and continues to be commensurate with Apple's performance and significantly larger size compared to other companies, and appropriately aligned with our guiding principles and the scope of each named executive officer's role within Apple.



**Luca Maestri**
SVP, Chief Financial Officer
Role: 8 years
Apple Tenure: 9 years



**Kate Adams**
SVP, General Counsel and Secretary
Role: 5 years
Apple Tenure: 5 years

**2022 Target Compensation**

**Base Salary: $1 million**
The annual base salaries for our named executive officers did not change for 2022.

**Annual incentive: $2 million**
Our named executive officers' target annual cash incentive opportunity for 2022 remained unchanged at 200% of their base salary.

**Equity Award Value: $20 million**
**Award Mix: 50/50**
Our named executive officers were granted a balanced equity award with 50% of the equity award with performance-based vesting and 50% with time-based vesting to encourage long-term performance, retention, and align with shareholders' interests.



**Deirdre O'Brien**
SVP, Retail + People
Role: 3 years
Apple Tenure: 34 years

**Jeff Williams**
Chief Operating Officer
Role: 7 years
Apple Tenure: 24 years

17.     For Mr. Cook, the 2023 Proxy Statement represents that his target equity compensation for 2021 and 2022 was $75 million divided equally between time-based RSUs and performance-based RSUs, but that Apple's Compensation Committee determined to lower this target amount to $40 million for 2023 split 75% as performance-based compensation and 25% as time-based compensation.



**Tim Cook**

Chief Executive Officer
Role: 11 years
Apple Tenure: 24 years

**2022 Total Target
Compensation: $84 million**

**Base Salary: $3 million**
Mr. Cook's base salary has remained the same since 2016

**Annual Cash Incentive: $6 million**
Mr. Cook's target annual cash incentive opportunity remained at 200% of his base salary

**Equity Award Value: $75 million
Award Mix: 50/50**
Mr. Cook was granted an equity award with 50% performance-based vesting and 50% time-based vesting

**2023 Total Target
Compensation: $49 million**

**Base Salary: $3 million**
No Change

**Annual Cash Incentive: $6 million**
No Change

**Equity Award Value: $40 million
Award Mix: 75/25**
Mr. Cook was granted an equity award with 75% performance-based vesting and 25% time-based vesting

18.     Added together, for fiscal 2021-2023, the 2023 Proxy Statement states that Apple intended to award the NEOs $430 million in equity compensation, of which it intended to award them $225 million in performance-based RSUs.  It states that it intended to award the NEOs $77.5 million performance-based compensation in 2021 and 2022, respectively, and it intended to award them $70 million in 2023. But as demonstrated by tables in these proxy statements, Apple has awarded them tens of millions more than this during these years, and these representations are materially false.

## II.     Apple Awarded Tens of Millions More in Performance-Based Equity Compensation than It Intended from 2021-2023

19.     As Apple's 2022 and 2023 Proxy Statements show, the proper way to determine the Grant Date Fair Values of performance-based equity compensation based on TSR is to use a sophisticated model such as a Monte Carlo simulation. Apple used such a model when accounting for these performance-based shares as

demonstrated by the Grants of Plan-Based Awards Tables in its 2022 and 2023

Proxy Statements in footnote 1 of each of these tables:

## Grants of Plan-Based Awards—2021

The following table shows information regarding the incentive awards granted to the named executive officers for 2021.

| Name (a) | Award Type | Grant Date (b) | Estimated Future Payouts Under Non-Equity Incentive Plan Awards | | | Estimated Future Payouts Under Equity Incentive Plan Awards | | | All Other Stock Awards: Number of Shares of Stock or Units (#)(i) | Grant Date Fair Value of Stock and Option Awards[1] ($)(j) |
| | | | Threshold ($)(c) | Target ($)(d) | Maximum ($)(e) | Threshold (#)(f) | Target (#)(g) | Maximum (#)(h) | | |
| **Tim Cook** | Cash Incentive | — | 3,000,000 | 6,000,000 | 12,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/27/2020 | — | — | — | 83,497 | 333,987 | 667,974 | — | 44,847,774 |
| | Time-based RSUs | 9/27/2020 | — | — | — | — | — | — | 333,987 | 37,500,060 |
| **Luca Maestri** | Cash Incentive | — | 1,000,000 | 2,000,000 | 4,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/27/2020 | — | — | — | 22,266 | 89,064 | 178,128 | — | 11,959,514 |
| | Time-based RSUs | 9/27/2020 | — | — | — | — | — | — | 89,064 | 10,000,106 |
| **Kate Adams** | Cash Incentive | — | 1,000,000 | 2,000,000 | 4,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/27/2020 | — | — | — | 22,266 | 89,064 | 178,128 | — | 11,959,514 |
| | Time-based RSUs | 9/27/2020 | — | — | — | — | — | — | 89,064 | 10,000,106 |
| **Deirdre O'Brien** | Cash Incentive | — | 1,000,000 | 2,000,000 | 4,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/27/2020 | — | — | — | 22,266 | 89,064 | 178,128 | — | 11,959,514 |
| | Time-based RSUs | 9/27/2020 | — | — | — | — | — | — | 89,064 | 10,000,106 |
| **Jeff Williams** | Cash Incentive | — | 1,000,000 | 2,000,000 | 4,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/27/2020 | — | — | — | 22,266 | 89,064 | 178,128 | — | 11,959,514 |
| | Time-based RSUs | 9/27/2020 | — | — | — | — | — | — | 89,064 | 10,000,106 |

(1)   The grant date fair value for time-based RSUs is calculated in accordance with FASB ASC 718 based on the closing price of Apple's common stock on the date of grant. The grant date fair value for performance-based RSUs is calculated using a Monte-Carlo model for each award on the date of grant, determined under FASB ASC 718, incorporating the following assumptions:

| | Assumptions | | | |
| Grant Date | Performance Period End Date | Expected Term (years) | Expected Volatility | Risk-Free Interest Rate |
| 9/27/2020 | 9/30/2023 | 3.01 | 34.01% | 0.15% |

Apple used its historical stock prices as the basis for the volatility assumptions. The risk-free interest rates were based on U.S. Treasury rates in effect at the time of grant. The expected term was based on the time remaining in the performance period on the grant date. See Note 1—Summary of Significant Accounting Policies found in Part II, Item 8, "Financial Statements and Supplementary Data" in the Notes to Consolidated Financial Statements in our Annual Report on Form 10-K for the year ended September 25, 2021.

## Grants of Plan-Based Awards—2022

The following table shows information regarding the incentive awards granted to the named executive officers for 2022.

| Name (a) | Award Type | Grant Date (b) | Estimated Future Payouts Under Non-Equity Incentive Plan Awards | | | Estimated Future Payouts Under Equity Incentive Plan Awards | | | All Other Stock Awards: Number of Shares of Stock or Units (#)(i) | Grant Date Fair Value of Stock and Option Awards[1] ($)(j) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Threshold ($)(c) | Target ($)(d) | Maximum ($)(e) | Threshold (#)(f) | Target (#)(g) | Maximum (#)(h) | | |
| **Tim Cook** | Cash Incentive | — | 3,000,000 | 6,000,000 | 12,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/26/2021 | — | — | — | 63,810 | 255,241 | 510,482 | — | 45,494,156 |
| | Time-based RSUs | 9/26/2021 | — | — | — | — | — | — | 255,241 | 37,500,008 |
| **Luca Maestri** | Cash Incentive | — | 1,000,000 | 2,000,000 | 4,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/26/2021 | — | — | — | 17,016 | 68,065 | 136,130 | — | 12,131,906 |
| | Time-based RSUs | 9/26/2021 | — | — | — | — | — | — | 68,065 | 10,000,110 |
| **Kate Adams** | Cash Incentive | — | 1,000,000 | 2,000,000 | 4,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/26/2021 | — | — | — | 17,016 | 68,065 | 136,130 | — | 12,131,906 |
| | Time-based RSUs | 9/26/2021 | — | — | — | — | — | — | 68,065 | 10,000,110 |
| **Deirdre O'Brien** | Cash Incentive | — | 1,000,000 | 2,000,000 | 4,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/26/2021 | — | — | — | 17,016 | 68,065 | 136,130 | — | 12,131,906 |
| | Time-based RSUs | 9/26/2021 | — | — | — | — | — | — | 68,065 | 10,000,110 |
| **Jeff Williams** | Cash Incentive | — | 1,000,000 | 2,000,000 | 4,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/26/2021 | — | — | — | 17,016 | 68,065 | 136,130 | — | 12,131,906 |
| | Time-based RSUs | 9/26/2021 | — | — | — | — | — | — | 68,065 | 10,000,110 |

(1)  The grant date fair value for time-based RSUs is calculated in accordance with FASB ASC 718 based on the closing price of Apple's common stock on the date of grant. The grant date fair value for performance-based RSUs is calculated using a Monte-Carlo model for each award on the date of grant, determined under FASB ASC 718, incorporating the following assumptions:

| | Assumptions | | | |
| --- | --- | --- | --- | --- |
| Grant Date | Performance Period End Date | Expected Term (years) | Expected Volatility | Risk-Free Interest Rate |
| 9/26/2021 | 9/28/2024 | 3.01 | 35.47% | 0.55% |

Apple used its historical stock prices as the basis for the volatility assumptions. The risk-free interest rates were based on U.S. Treasury rates in effect at the time of grant. The expected term was based on the time remaining in the performance period on the grant date.

20.     As demonstrated above, when a proper Monte-Carlo analysis is used to calculate the grant date fair value of the performance-based RSUs, the charts show that the NEOs were actually awarded $92,685,830 in performance-based shares for 2021 and $94,021,780 for 2022 rather than the 77.5 million performance-based compensation in 2021 and 2022 that was intended. ***This reflects $31,707,610 of unintended and unwarranted compensation for these two years.*** For 2023, while the 2023 Proxy Statement discloses that Apple intended to provide $70 million in performance-based RSUs to its NEOs, there is no Monte-Carlo analysis provided to value those shares, but given this history it can be assumed such an analysis will reveal greater grant date fair values for these awards than those intended by Apple.

21.     As shown in these charts, Apple did not use a Monte-Carlo analysis when it awarded the performance-based RSUs.  Instead, it awarded the same number of performance-based RSUs to each NEO as the number of time-based RSUs, simply by multiplying the number of shares by the grant date price of Apple's stock.  That is not a proper way to determine the value of TSR-based performance-based shares.  As Professor David Walker writes, "Performance share awards that include only stock price or market measures of performance, such as total shareholder return, either absolute or relative, are valued and accounted for using the same approach that is used for options. A grant date fair value is

12

determined for these instruments using a model, generally a Monte Carlo simulation." David I. Walker, Reconsidering Realization-Based Accounting for Equity Compensation, 13 N.Y.U. J.L. & Bus. 535, 550–51 (2017).

22.    Moreover, it is improper and untrue for the 2023 Proxy Statement to state that the NEOs target performance-based RSU awards for fiscal 2021 was $77.5 million in performance-based RSU awards when in fact Apple awarded $92,685,830 in performance-based RSU awards to these executives in fiscal 2021. It is improper and untrue for the 2023 Proxy Statement to state that the NEOs target performance-based RSU awards for fiscal 2022 was $77.5 million in performance-based RSU awards when in fact Apple awarded $94,021,780 in performance-based RSU awards to these executives in fiscal 2022. And it is improper and untrue for the 2023 Proxy Statement to state that the NEOs target performance-based RSU awards for fiscal 2023 was $70 million when Apple has awarded more RSUs that this in an amount of excess compensation that will not be publicly stated until the 2024 Proxy Statement is disseminated to shareholders in January 2024.

23.    Because of these contraventions of the SEC's rules and regulations, the 2023 Proxy Statement is in violation of § 14(a) of the Exchange Act. As a result, the court should enjoin the election of the directors and the non-binding advisory vote on the named executive officers' fiscal 2022 compensation. In

addition, to the extent discovery reveals that Defendants have understated the grant date fair value of executive compensation, the Court should reduce Defendants' compensation and impose damages.

## COUNT I
### (Exchange Act Violations in the Election of Directors Proposal)

24.     Count I incorporates all of the above paragraphs as if stated herein. The above paragraphs state a direct claim for relief against Defendants under Section 14(a) of the Exchange Act for acting in contravention of the "rules and regulations" prescribed by the SEC.

25.     As a result of these actions, plaintiff will be injured, and it has no adequate remedy at law.  It will suffer irreparable harm in the form of an uninformed vote on the election of directors if no action is taken to ameliorate this harm.

26.     Amelioration of the injury requires injunctive relief required in the form of an amended proxy statement that provides the information required by SEC Schedule 14A (Item 8(a)), SEC Reg. S-K (Item 402).

27.     Consequently, the Court should enjoin Defendants from presenting the election of directors proposal for a stockholder vote at the March 10, 2023 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Apple stockholder in connection with this proposal.

## COUNT II

### (Exchange Act Violation in the Proposal to Approve the Compensation of Apple's Named Executive Officers)

28.     Count II incorporates all of the above paragraphs as if stated herein. The above paragraphs state a direct claim for relief against Defendants under Section 14(a) of the Exchange Act for acting in contravention of the "rules and regulations" promulgated by the SEC.

29.     As a result of these actions, plaintiff will be injured.  It will suffer irreparable harm in the form of an uninformed "say-on-pay" vote on March 10, 2023 if no action is taken to ameliorate this harm.

30.     Amelioration of the injury requires injunctive relief required in the form of an amended proxy statement that provides the information required by SEC Schedule 14A (Item 8(a)), SEC Reg S-K (Item 402).

31.     Consequently, the Court should enjoin Defendants from presenting the "say-on-pay" proposal for a stockholder vote at the March 10, 2023 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Apple stockholder in connection with this proposal.

## COUNT III
### (Derivative Action to Recover Excess Compensation of Apple's Named Executive Officers)

32.     Count III incorporates all of the above paragraphs as if stated herein. To the extent the above paragraphs allege over and/or excessive compensation of the NEOs, they state a stockholder's derivative claim for relief on behalf of Apple against the individual defendants for breach of their fiduciary duties.

33.     This derivative action is not a collusive one to confer jurisdiction that the court would otherwise lack.

34.     Plaintiff made a pre-suit demand on February 17, 2023, by email and overnight delivery, copy attached as Exhibit 1.

35.     As a result of these actions, the Plaintiff was injured, and it has no adequate remedy at law.

36.     Apple should recover damages against the individual defendants.

## JURY DEMAND

37.     Plaintiff demands trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

A.     Disclosure of the NEOs 2021-2023 compensation as required in 17 C.F.R. § 229.402;

B.      Reduction of Tim Cook's compensation and that of the other NEOs to the extent intended as stated in the 2023 Proxy Statement;

C.      Damages from the individual defendants in favor of Apple for the excessive compensation of the NEOs;

D.      An award of plaintiff's attorneys' fees to its counsel and expenses for accountants and other experts; and

E.      Such other and further relief, whether similar or different, as is just, equitable, or proper.

Dated:  March 2, 2023                     **BARRACK, RODOS & BACINE**


By: _/s/ A. Arnold Gershon_
     A. Arnold Gershon
     Michael A. Toomey
     640 8th Avenue, 10th Fl.
     New York, NY  10036
     Telephone: (212) 688-0782
     Fax:  (212) 688-0783
     agershon@barrack.com
     mtoomey@barrack.com

     Jeffrey A. Barrack
     **Barrack, Rodos & Bacine**
     3300 Two Commerce Square
     2001 Market Street
     Philadelphia, PA  19103
     Telephone:  (215) 963-0600
     Fax:  (215) 963-0838
     jbarrack@barrack.com

     *Attorneys for Plaintiff*

# EXHIBIT 1



A. Arnold Gershon
agershon@barrack.com

February 17, 2023

<u>**Via FedEx**</u>
Board of Directors
Apple Inc.
One Apple Park Way
Cupertino, California

To the Board of Directors of Apple Inc.:

This firm represents the International Brotherhood of Teamsters, Garage Employees Local 272 Labor Management Pension Fund (the "Fund"), a shareholder of Apple Inc. ("Apple") at the time the conduct describe below.  The Fund has been a holder of Apple shares since May 2005 and continuously to the present.

This letter is intended as a shareholder demand that you take appropriate action to recover certain excess equity compensation Apple has awarded to (1) Tim Cook; (2) Luca Maestri; (3) Kate Adams; (4) Deirdre O'Brien; and (5) Jeff Williams from 2021-Present.  These are Apple's named executive officers (the "NEOs").  It appears that during the previous three years, Apple had intended to award the NEOs $430 million in equity compensation, but in fact, Apple has awarded these individuals tens of millions more than intended because it failed to properly determine the grant date fair values of its performance-based RSU awards at the time of grant.

For fiscal 2021,[1] it appears that Apple's compensation committee intended to award the NEOs $77.5 million in performance-based RSU awards.  According to the grants of plan-based awards table from the 2022 Proxy Statement, however, Apple awarded $92,685,830 in performance-based RSU awards to these executives in fiscal 2021.  For fiscal 2022, it appears that again Apple intended to award these executives $77.5 million in performance-based RSU awards. According to the grants of plan-based awards table from the 2023 Proxy Statement, however, Apple awarded $94,021,780 in performance-based RSU awards to these executives in fiscal 2022. For fiscal 2023, it appears that Apple intended to award $70 million in performance-based RSU awards to these executives, and again it appears to have awarded more RSUs than intended, but

---

[1] Apple's fiscal year ends on the last Saturday in September.

Board of Directors
Apple Inc.
Page 2

the amount of excess compensation will not be publicly stated until the 2024 Proxy Statement is disseminated to shareholders in January 2024.

The reason that Apple's Compensation Committee has awarded these NEOs more than it intended is that it appears to have improperly calculated the grant date fair values of the performance-based RSUs at the time of grant. The performance elements of the grants of performance-based share awards to the NEOs from fiscal 2021-2023 are based on Apple's Relative Total Shareholder Return ("TSR") percentile ranking. As the 2022 and 2023 Proxy Statements demonstrate, to accurately determine the grant date fair value of performance-based compensation that are based on total shareholder return ("TSR"), one needs to employ a somewhat complicated analytical derivative pricing model such as a Monte Carlo simulation. Here Apple did so for purposes of reporting the NEOs compensation in 2022 and 2023, but it failed to use such a model when awarding the performance-based RSUs. As a result, Apple's NEOs have been improperly awarded excess compensation in the form of RSUs, as more fully discussed below.

## I.  Apple Intended to Award Its NEOs $225 million in Performance-Based RSUs from Fiscal 2021-2023

According to the 2023 Proxy Statement, for the NEOs other than Mr. Cook, their target equity compensation was $20 million per fiscal year divided equally between time-based RSUs and performance-based RSUs.

**Summary of Other Named Executive Officer Compensation**

The target compensation of our four other named executive officers similarly reflects the three basic components of our executive compensation program in a straightforward and effective way.

The Compensation Committee reviews our executive compensation program each year. Following our record 2021 financial results, and taking into account shareholder feedback which confirmed shareholders' continued support for the amount and structure of our other named executive officers' compensation, the Compensation Committee decided to maintain the same level of base salary, annual cash incentive opportunity, and equity award value for each of our named executive officers for 2022. The Compensation Committee determined that the target compensation of our named executive officers remains competitive and continues to be commensurate with Apple's performance and significantly larger size compared to other companies, and appropriately aligned with our guiding principles and the scope of each named executive officer's role within Apple.



**Luca Maestri**
SVP, Chief Financial Officer
Role: 8 years
Apple Tenure: 9 years

**Deirdre O'Brien**
SVP, Retail + People
Role: 3 years
Apple Tenure: 34 years



**Kate Adams**
SVP, General Counsel and Secretary
Role: 5 years
Apple Tenure: 5 years

**Jeff Williams**
Chief Operating Officer
Role: 7 years
Apple Tenure: 24 years

**2022 Target Compensation**

**Base Salary:** $1 million
The annual base salaries for our named executive officers did not change for 2022.

**Annual Incentive:** $2 million
Our named executive officers' target annual cash incentive opportunity for 2022 remained unchanged at 200% of their base salary.

**Equity Award Value:** $20 million
**Award Mix:** 50/50
Our named executive officers were granted a balanced equity award with 50% of the equity award with performance-based vesting and 50% with time-based vesting to encourage long-term performance, retention, and align with shareholders' interests.

Board of Directors
Apple Inc.
Page 3

For Mr. Cook, his target equity compensation for 2021 and 2022 was $75 million divided equally between time-based RSUs and performance-based RSUs, but Apple's Compensation Committee determined to lower this target amount to $40 million for 2023 split 75% as performance-based compensation and 25% as time-based compensation.



**2022 Total Target Compensation: $84 million**

**Base Salary: $3 million**
Mr. Cook's base salary has remained the same since 2016

**Annual Cash Incentive: $6 million**
Mr. Cook's target annual cash incentive opportunity remained at 200% of his base salary

**Equity Award Value: $75 million**
**Award Mix: 50/50**
Mr. Cook was granted an equity award with 50% performance-based vesting and 50% time-based vesting

**2023 Total Target Compensation: $49 million**

**Base Salary: $3 million**
No Change

**Annual Cash Incentive: $6 million**
No Change

**Equity Award Value: $40 million**
**Award Mix: 75/25**
Mr. Cook was granted an equity award with 75% performance-based vesting and 25% time-based vesting

**Tim Cook**
Chief Executive Officer
Role: 11 years
Apple Tenure: 24 years

Added together, for fiscal 2021-2023, Apple intended to award the NEOs $430 million in equity compensation, of which it intended to award them $225 million in performance-based RSUs. It intended to award the NEOs $77.5 million performance-based compensation in 2021 and 2022, respectively, and it intended to award them $70 million in 2023. But as demonstrated by its proxy statements, Apple has awarded them tens of millions more than this during these years.

## II.   Apple Awarded Tens of Millions More in Performance-Based Equity Compensation than It Intended from 2021-2023

As Apple's 2022 and 2023 Proxy Statements show, the proper way to determine the Grant Date Fair Values of performance-based equity compensation based on TSR is to use a sophisticated model such as a Monte Carlo simulation. Apple used such a model when accounting for these performance-based shares as demonstrated by the Grants of Plan-Based Awards Tables in its 2022 and 2023 Proxy Statements in footnote 1 of each of these tables:

Board of Directors
Apple Inc.
Page 4

52      Proxy Statement

## Grants of Plan-Based Awards—2021

The following table shows information regarding the incentive awards granted to the named executive officers for 2021.

| Name (a) | Award Type | Grant Date (b) | Estimated Future Payouts Under Non-Equity Incentive Plan Awards | | | Estimated Future Payouts Under Equity Incentive Plan Awards | | | All Other Stock Awards: Number of Shares of Stock or Units (#)(i) | Grant Date Fair Value of Stock and Option Awards[1] ($)(j) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Threshold ($)(c) | Target ($)(d) | Maximum ($)(e) | Threshold (#)(f) | Target (#)(g) | Maximum (#)(h) | | |
| **Tim Cook** | Cash Incentive | — | 3,000,000 | 6,000,000 | 12,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/27/2020 | — | — | — | 83,497 | 333,987 | 667,974 | — | 44,847,774 |
| | Time-based RSUs | 9/27/2020 | — | — | — | — | — | — | 333,987 | 37,500,060 |
| **Luca Maestri** | Cash Incentive | — | 1,000,000 | 2,000,000 | 4,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/27/2020 | — | — | — | 22,266 | 89,064 | 178,128 | — | 11,959,514 |
| | Time-based RSUs | 9/27/2020 | — | — | — | — | — | — | 89,064 | 10,000,106 |
| **Kate Adams** | Cash Incentive | — | 1,000,000 | 2,000,000 | 4,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/27/2020 | — | — | — | 22,266 | 89,064 | 178,128 | — | 11,959,514 |
| | Time-based RSUs | 9/27/2020 | — | — | — | — | — | — | 89,064 | 10,000,106 |
| **Deirdre O'Brien** | Cash Incentive | — | 1,000,000 | 2,000,000 | 4,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/27/2020 | — | — | — | 22,266 | 89,064 | 178,128 | — | 11,959,514 |
| | Time-based RSUs | 9/27/2020 | — | — | — | — | — | — | 89,064 | 10,000,106 |
| **Jeff Williams** | Cash Incentive | — | 1,000,000 | 2,000,000 | 4,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/27/2020 | — | — | — | 22,266 | 89,064 | 178,128 | — | 11,959,514 |
| | Time-based RSUs | 9/27/2020 | — | — | — | — | — | — | 89,064 | 10,000,106 |

(1)  The grant date fair value for time-based RSUs is calculated in accordance with FASB ASC 718 based on the closing price of Apple's common stock on the date of grant. The grant date fair value for performance-based RSUs is calculated using a Monte-Carlo model for each award on the date of grant, determined under FASB ASC 718, incorporating the following assumptions:

| Grant Date | Performance Period End Date | Assumptions | | |
|---|---|---|---|---|
| | | Expected Term (years) | Expected Volatility | Risk-Free Interest Rate |
| 9/27/2020 | 9/30/2023 | 3.01 | 34.01% | 0.15% |

Apple used its historical stock prices as the basis for the volatility assumptions. The risk-free interest rates were based on U.S. Treasury rates in effect at the time of grant. The expected term was based on the time remaining in the performance period on the grant date. See Note 1—Summary of Significant Accounting Policies found in Part II, Item 8, "Financial Statements and Supplementary Data" in the Notes to Consolidated Financial Statements in our Annual Report on Form 10-K for the year ended September 25, 2021.

Board of Directors
Apple Inc.
Page 5

## Grants of Plan-Based Awards—2022

The following table shows information regarding the incentive awards granted to the named executive officers for 2022.

| Name (a) | Award Type | Grant Date (b) | Estimated Future Payouts Under Non-Equity Incentive Plan Awards | | | Estimated Future Payouts Under Equity Incentive Plan Awards | | | All Other Stock Awards: Number of Shares of Stock or Units (#)(i) | Grant Date Fair Value of Stock and Option Awards(1) ($)(j) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Threshold ($)(c) | Target ($)(d) | Maximum ($)(e) | Threshold (#)(f) | Target (#)(g) | Maximum (#)(h) | | |
| **Tim Cook** | Cash Incentive | — | 3,000,000 | 6,000,000 | 12,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/26/2021 | — | — | — | 63,810 | 255,241 | 510,482 | — | 45,494,156 |
| | Time-based RSUs | 9/26/2021 | — | — | — | — | — | — | 255,241 | 37,500,008 |
| **Luca Maestri** | Cash Incentive | — | 1,000,000 | 2,000,000 | 4,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/26/2021 | — | — | — | 17,016 | 68,065 | 136,130 | — | 12,131,906 |
| | Time-based RSUs | 9/26/2021 | — | — | — | — | — | — | 68,065 | 10,000,110 |
| **Kate Adams** | Cash Incentive | — | 1,000,000 | 2,000,000 | 4,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/26/2021 | — | — | — | 17,016 | 68,065 | 136,130 | — | 12,131,906 |
| | Time-based RSUs | 9/26/2021 | — | — | — | — | — | — | 68,065 | 10,000,110 |
| **Deirdre O'Brien** | Cash Incentive | — | 1,000,000 | 2,000,000 | 4,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/26/2021 | — | — | — | 17,016 | 68,065 | 136,130 | — | 12,131,906 |
| | Time-based RSUs | 9/26/2021 | — | — | — | — | — | — | 68,065 | 10,000,110 |
| **Jeff Williams** | Cash Incentive | — | 1,000,000 | 2,000,000 | 4,000,000 | — | — | — | — | — |
| | Performance-based RSUs | 9/26/2021 | — | — | — | 17,016 | 68,065 | 136,130 | — | 12,131,906 |
| | Time-based RSUs | 9/26/2021 | — | — | — | — | — | — | 68,065 | 10,000,110 |

(1)  The grant date fair value for time-based RSUs is calculated in accordance with FASB ASC 718 based on the closing price of Apple's common stock on the date of grant. The grant date fair value for performance-based RSUs is calculated using a Monte-Carlo model for each award on the date of grant, determined under FASB ASC 718, incorporating the following assumptions:

| | | Assumptions | | |
|---|---|---|---|---|
| Grant Date | Performance Period End Date | Expected Term (years) | Expected Volatility | Risk-Free Interest Rate |
| 9/26/2021 | 9/28/2024 | 3.01 | 35.47% | 0.55% |

Apple used its historical stock prices as the basis for the volatility assumptions. The risk-free interest rates were based on U.S. Treasury rates in effect at the time of grant. The expected term was based on the time remaining in the performance period on the grant date.

Board of Directors
Apple Inc.
Page 6

As demonstrated above, when a proper Monte-Carlo analysis is used to calculate the grant date fair value of the performance-based RSUs, the charts show that the NEOs were actually awarded $92,685,830 in performance-based shares for 2021 and $94,021,780 rather than the 77.5 million performance-based compensation in 2021 and 2022 that was intended. This reflects $31,707,610 of unintended and unwarranted compensation for these two years.  For 2023, while the 2023 Proxy Statement discloses that Apple intended to provide $70 million in performance-based RSUs to its NEOs, there is no Monte-Carlo analysis provided to value those shares, but given this history it can be assumed such an analysis will reveal greater grant date fair values for these awards than those intended by Apple.

As shown in these charts, Apple did not use a Monte-Carlo analysis when it awarded the performance-based RSUs.  Instead, it awarded the same number of performance-based RSUs to each NEO as the number of time-based RSUs, simply on multiplying the number of shares by the grant date price of Apple's stock.  That is not a proper way to determine the value of TSR-based performance-based shares.  As Professor David Walker writes, "Performance share awards that include only stock price or market measures of performance, such as total shareholder return, either absolute or relative, are valued and accounted for using the same approach that is used for options. A grant date fair value is determined for these instruments using a model, generally a Monte Carlo simulation."   David I. Walker, Reconsidering Realization-Based Accounting for Equity Compensation, 13 N.Y.U. J.L. & Bus. 535, 550–51 (2017).

## III.    The Demand

The Apple Compensation Committee's years of over-compensating of its NEOs warrants action by the Board.  As a result of failing to properly use a Monte Carlo simulation (or other such model) when determining how many performance-based RSUs to award the NEOs, the Compensation Committee has awarded more than $31,707,610 in excess compensation to the NEOs.  In addition, so long as it fails to correct this practice, Apple's Compensation Committee will apparently continue to improperly award excess RSUs so long as it uses this type of equity compensation.

The Board should commence proceedings for the purpose of recovering monetary damages for the amount of the excess awards of performance-based RSUs awarded to the NEOs.  The Board should also direct the Compensation Committee to begin using an independent accounting advisor when determining how many performance-based RSUs to

Board of Directors
Apple Inc.
Page 7

award the NEOs going forward to ensure that it does not continue to overcompensate the NEOs.

In making the demand above, we do not concede that any of you is disinterested or otherwise capable of acting objectively in dealing with the demands in Apple's best interests.

Apple does not appear to have taken any action for the damage caused to Apple.  The point of this letter is to demand that such action be taken immediately.

This demand letter is being sent so that, in the event derivative litigation on behalf of Apple becomes necessary, the Board will have been given the first opportunity to institute the demanded litigation.  Absent prompt action to obtain a recovery, we will be forced to assume that you have decided not to pursue these claims and then we will feel free to institute an action in a court with jurisdiction to obtain the remedies we are asking you to obtain.

If you have any questions concerning this letter or wish to discuss any of the matters detailed above, please do not hesitate to contact me.

Very truly yours,

A. Arnold Gershon

AAG/mmb

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, GARAGE EMPLOYEES LOCAL 272 LABOR MANAGEMENT PENSION FUND, | :<br>:<br>:    C.A. NO.:<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | :<br>: |
| APPLE INC., TIM COOK, ART LEVINSON, JAMES BELL, AL GORE, ALEX GORSKY, ANDREA JUNG, MONICA LOZANO, RON SUGAR and SUE WAGNER | :    **VERIFICATION OF**<br>:    **MARC GOODMAN**<br>:<br>:<br>:<br>:<br>: |
| Defendants. | :<br>: |

STATE OF NEW YORK     )
                         )    ss.
COUNTY OF NEW YORK   )

      I, Marc Goodman, hereby declare as follows:

      1.      I am the Fund Manager of the International Brotherhood of Teamsters, Garage Employees Local 272 Labor Management Pension Fund (the "Fund"), and I am authorized to make this verification on the Fund's behalf.

      2.      The Fund is a stockholder of Apple, Inc. ("Apple") and is the plaintiff in the action.

3.      I have reviewed the Verified Complaint prepared by my counsel, Barrack, Rodos & Bacine, and know the contents thereof.  The statements in the Verified Complaint as to the Fund and its actions are true and correct to the best of my belief and knowledge.

4.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: March 3, 2023

                                                        _____
                                                                MARC GOODMAN